UNITED STATES v. HENSEL et al.

HENSEL et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 3, 1901.)

Nos. 2,782, 2,792.

**CUSTOMS DUTIES—CRUDE DRUG.**

A compound used exclusively to make caffeine, consisting of about 90 per cent. tea sweepings with slack lime and asafetida, the tea leaves not being ground or powdered, and in fact diminished in value by the additions, is not dutiable under section 6 of the tariff act of 1897, as a nonenumerated manufactured article, nor under paragraph 20, as a drug advanced in value or condition, but is entitled to free entry, under paragraph 548, as a crude drug.

Cross Appeals from a Decision of the Board of United States General Appraisers.

D. Frank Lloyd, Asst. U. S. Atty.

Albert Comstock, for the importers.

TOWNSEND, District Judge. The merchandise in question consists of a mixture of about 90 per cent. tea sweepings with slack lime and asafetida. It was classified for duty by the collector as a nonenumerated manufactured article, at 20 per cent., under section 6, Act July 24, 1897. The importers protested, claiming it to be exempt from duty as a crude drug, under paragraph 548, or as a crude vegetable substance, under paragraph 617, or to be dutiable as an unmanufactured nonenumerated article, at 10 per cent., under section 6, or as a drug advanced in value or condition, at one-fourth of one cent per pound and 10 per cent. ad valorem, under paragraph 20 of said act. The board of general appraisers sustained the claim of the importers that the merchandise was a drug, but held that it had been advanced in value or condition, and both sides appeal from said decision.

This compound is exclusively used for the purpose of making caffeine, and in that sense it is a drug. The lime and asafetida have been mixed with the tea sweepings in order to remove the merchandise from the commercial classification of tea, so as to avoid the prohibition of the act for preventing adulteration of tea. The importers, however, acting on the advice of counsel, assume that having thus denied it to be tea for the purpose of avoiding the operation of said act, they have waived the right to claim that it is tea for tariff purposes. It is unnecessary to decide whether this mixed product is free as tea, under paragraph 679, or as a vegetable substance, under paragraph 617, or as a crude drug not advanced. That it is a drug is found by the board of appraisers upon the evidence, and I think I am bound by their finding thereon. The further finding, that it has been advanced in condition or value, is not only unsupported by, but is contrary to, the evidence. The tea leaves have not been ground or powdered or subjected to any process of manufacture, and they have been diminished in value by the intermixture of the lime and asafetida. The merchandise is entitled to free entry, and the decision of the board of general appraisers is reversed.